```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JACQUELINE FUNCHES,               :

    Plaintiff,                    :

V.                                :    CASE NO. 3:08-CV-1714(RNC)

CONNECTICUT DEPT. OF PUBLIC       :
HEALTH, ET AL.,
                                  :
    Defendants.
```

## RULING AND ORDER

Plaintiff commenced this lawsuit in November 2008, alleging violations of federal and state antidiscrimination laws. Plaintiff failed to submit proof of service of process within 120 days of filing the complaint, as required by Fed. R. Civ. P. 4(m). On March 18, 2009 the Magistrate Judge ordered plaintiff to submit a memorandum by April 6, 2009 explaining why the lawsuit should not be dismissed for failure to serve process. Plaintiff was specifically warned that failure to comply with the order would lead to dismissal. On April 6, plaintiff was granted an extension of time to properly serve the defendants. On May 6, 2009 plaintiff submitted purported proofs of service for each of the defendants, delivered by a state marshal. On June 17, 2009, defendants moved to dismiss the case contending, among other things, that plaintiff failed to properly serve the defendants. On December 7, 2009, the court ordered plaintiff to submit a response to the motion to dismiss on or before December 29, 2009 or the motion to dismiss for improper service may be granted. On

December 28, 2009, plaintiff submitted a memo to the court that said "This is my response to Defendant's Motion to Dismiss on June 17, 2009: To the best of my knowledge, I (the plaintiff) served the defendants in this case properly.  Defendants and/or their authorized agent were served on April 28, 2009 by State Marshall Roberta L. Jones, as indicated in the enclosed documentation."  The purported proofs of service are attached.  Plaintiff does not explain why this service was proper or respond to defendants' other arguments for why the complaint should be dismissed.

   The Federal Rules of Civil Procedure provide that an individual may be served via any means authorized by the state in which service is attempted or by delivering service personally, at the individual's dwelling, or to an authorized agent.  Fed. R. Civ. P. 4(e).  Plaintiff attempted to serve the three individual defendants, in their individual capacity, by leaving the complaint and summons with Brenda Gordon, a receptionist with the Department of Public Health's Healthcare Systems office.  Ms. Gordon was not an agent authorized to accept service on behalf of the individual defendants.  Therefore, the individual defendants have not been properly served.

   A state government may be properly served by delivering a copy of the summons and complaint to the state's chief executive officer or in a manner authorized by the state's law for serving

process.  Fed. R. Civ. P. 4(j).  Connecticut law provides that service against the State, a State agency, or any officer, agent or employee of the State must be made by serving the Attorney General at the Attorney General's office or via certified mail.  Conn. Gen. Stat. § 52-64.  Here, the summons and complaint were left with Michael Carey at the Department of Public Health.  The Department of Public Health and defendants in their official capacity have therefore not been properly served.

Proper service has not been made, therefore, this court lacks jurisdiction over the defendants.  Absent proper service and personal jurisdiction, the court would normally dismiss the complaint.  However, because plaintiff is pro se, the court must consider whether additional leeway should be given.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)(Pro se parties are afforded extra leeway in meeting the procedural rules of litigation).  Moreover, improper service does not necessitate dismissal when it appears that proper service may still be obtained.  See Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986).  In this case, plaintiff has been given ample leeway and opportunity to effect proper service.  After her initial failure to serve any process, plaintiff was granted an extension of time to do so, without being required to show good cause why she failed to comply with the 120-day time limit.  After her failure to respond to the motion to dismiss for nearly

six months, instead of dismissing the case, the court gave plaintiff an additional month to respond and explain the improper service.  Plaintiff did respond to the most recent order, but she did not attempt to cure the defects in service or respond to the other arguments defendants make in their motion to dismiss.

Despite the leeway already given, because it appears as if proper service could still be obtained, plaintiff will be given one more opportunity.  If plaintiff wants to pursue this case, she must properly serve the defendants as outlined in Rule 4 of the Federal Rules of Civil Procedure, submit proof of that service to the court, and respond to the remainder of the defendant's motion to dismiss on or before February 10, 2010.  If she fails to do so, the motion to dismiss may be granted or the complaint may be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

So ordered this   7th   day of January 2010 at Hartford, Connecticut.

                                              /s/RNC
                                  Robert N. Chatigny
                          United States District Judge